## In re HARRISON *et al.*

*(Supreme Court, General Term, First Department. June 19, 1888.)*

MUNICIPAL CORPORATIONS—REDUCTION OF STREET ASSESSMENT—REOPENING ORDER.

An order reducing a city assessment granted under a mistake as to the petitioner's title will not be reopened because of the subsequent discovery of the mistake, unless the city may thereby be subjected to loss.

Appeal from special term, New York county; BARRETT, Justice.

Appeal from an order denying motion to vacate order reducing assessment. An order was granted on application of the mayor, aldermen, and commonalty of the city of New York, directed to John W. Bockhorn, to show cause why an order entered April 21, 1887, reducing an assessment for sewerage on the lots situated on the corner of Eleventh avenue and Forty-Sixth street, in the city of New York, should not be vacated. The proceeding to have the assessment vacated was commenced in 1872, at which time Frederica Bockhorn, wife of respondent, was the owner of some of the lots in question, by conveyance from respondent to his son, and from the son to her, which conveyances were made without any pecuniary consideration, and upon agreement that respondent should pay the taxes and assessments, and that the conveyance should be in the nature of a family settlement or a trust to apply the rents and profits of the estate to the support of his family and himself during his life, and one of the lots was occupied by them as a homestead. The proceed-

ing was commenced by respondent in his own name on the supposition that his possession in connection with his wife gave him sufficient ownership to maintain a proceeding to vacate, and also because he was the agent and representative of his wife, and always managed the property. Under the assessment, he paid $1,146.10 to the city. Subsequent to 1872, and prior to the reduction of the assessment, by deed from his wife and by deed from his children, respondent became the owner of the property. This application to vacate the order reducing the assessment is based on the ground that, at the time the proceeding was commenced, respondent had no interest in the property and was not a person aggrieved by the assessment, and that the order was obtained on evidence as to title which now appears to be false, whether intentionally so or not. BARRETT, J., heard the case, and rendered the following opinion: "No substantial injury has been done to the city by the mistake with reference to the title. The issue upon that head was settled by the order of modification, and it should not be reopened because of the subsequent discovery of the petitioner's mistake unless the city may thereby be subjected to loss. That there can be no such loss is made apparent by the facts before the court, and by the opposing affidavits with the assignment thereto appended, together with Frederica Bockhorn's will. Indeed, there can be no doubt but that the real grantee (Mrs. Bockhorn) was bound by her husband's acts under all the circumstances; and, if alive, could not come in with a fresh application to modify the assessment. As the case now stands, the city should not resort to this mistake to escape payment, but should do substantial justice in the matter. Motion denied, without costs."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

G. L. Sterling, for appellant. S. P. Neville, for respondent.

PER CURIAM. We think that for the reasons assigned by the learned justice who heard the motion in the court below, that the order appealed from should be affirmed, with $10 costs and disbursements.